UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAZMIN HARRIS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Hon. Paul L. Maloney

Case No. 1:20-cv-417

## **REPORT AND RECOMMENDATION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that, if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be affirmed.

## **STANDARD OF REVIEW**

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019).

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 22 years of age on her alleged disability onset date. (ECF No. 11-6, PageID.334). She successfully completed high school and worked previously as a Certified Nursing Assistant (CNA). (ECF No. 11-2, PageID.66-67). Plaintiff

applied for benefits on May 2, 2017, alleging that she had been disabled since October 1, 2010, due to major depressive disorder, anxiety, chronic stomach pain, pinched nerve in her back, lower leg numbness, fainting spells, head injury, pituitary gland tumor, and vision problems.   (ECF No. 11-6, 11-7, PageID.334-49, 359).

Plaintiff's applications were denied, after which time she requested a hearing before an Administrative Law Judge (ALJ).   (ECF No. 11-3, 11-4, 11-5, PageID.108-320).   Following an administrative hearing, ALJ David Read, in an opinion dated March 21, 2019, determined that Plaintiff did not qualify for disability benefits. (ECF No. 11-2, PageID.57-106).   The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.   (*Id.*, PageID.38-42).   Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability.   *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).   If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.   *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).   The regulations also provide that, if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity.   *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate she is entitled to disability benefits and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: (1) depression-bipolar disorder; (2) posttraumatic stress disorder (PTSD); (3) anxiety disorder; (4) marijuana abuse; (5) spinal degenerative disc disease; (6) status-post arthroscopic surgery of her left knee; and (7) history of gastritis and gastroparesis, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (*Id.*, PageID.60-62).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work[1] subject to the following limitations: (1) she can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds; (2) she can occasionally stoop, kneel, crouch, and crawl; (3) she can never work at unprotected heights; (4) she is able to perform simple, routine, and repetitive tasks, but not at a production rate pace; (5) she is limited to low stress work; (6) she can occasionally interact with the public; and (7) discounting normal breaks, she would be off-task less than 5 percent during an 8-hour workday. (ECF No. 11-2, PageID.62).

The ALJ found that Plaintiff was unable to perform her past relevant work, at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, her limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid*.

---

[1] Light work involves lifting "no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567. Furthermore, work is considered "light" when it involves "a good deal of walking or standing," defined as "approximately 6 hours of an 8-hour workday." 20 C.F.R. § 404.1567; Titles II and XVI: Determining Capability to do Other Work – the Medical-Vocational Rules of Appendix 2, SSR 83-10, 1983 WL 31251 at *6 (S.S.A., 1983); *Van Winkle v. Commissioner of Social Security*, 29 Fed. Appx. 353, 357 (6th Cir., Feb. 6, 2002).

In this case, a vocational expert testified that there existed approximately 463,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (ECF No. 11-2, PageID.101-04). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I. Listings 12.04, 12.06, and 12.15

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled. Plaintiff argues that she is entitled to relief on the ground that the ALJ's decision that she fails to satisfy Listings 12.04, 12.06, or 12.15 is not supported by substantial evidence.

Listing 12.04 addresses depressive, bipolar and related disorders. Listing 12.06 addresses anxiety and obsessive-compulsive disorders. Listing 12.15 addresses trauma and stressor-related disorders. While these three Listings concern different impairments, the showing necessary to satisfy each is similar. Each Listing contains three separate criteria, identified as A, B, and C criteria. The A criteria examines whether the claimant suffers from an impairment addressed by the Listing. The B and C criteria, on the other hand, assess the severity of any such

-6-

impairment. To satisfy any of these Listings, Plaintiff must satisfy the A criteria and either the B or C criteria.

With respect to these Listings, the ALJ found that Plaintiff satisfied the A criteria, but failed to satisfy either the B or C criteria. (ECF No. 11-2, PageID.60-62). Plaintiff argues that the ALJ erred by failing to find that she satisfied the B criteria.[2] The B criteria are identical for all three Listings in question:

> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
>
>   1. Understand, remember, or apply information.
>   2. Interact with others.
>   3. Concentrate, persist, or maintain pace.
>   4. Adapt or manage oneself.

Specifically, The ALJ found that Plaintiff experiences moderate limitations in all four of these areas of functioning. (*Id.*, PageID.61). While Plaintiff finds error in the ALJ's conclusions, she does not articulate any specific error in the ALJ's analysis. Nevertheless, the evidence does not support the argument that Plaintiff experiences "marked" limitations in any category of functioning.

---

[2] Plaintiff has failed to advance any argument that she satisfies the C criteria and has, therefore, waived any such argument. *See, e.g., United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2014) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to. . .put flesh on its bones"); *Moore v. Commissioner of Social Security*, 573 Fed. Appx. 540, 543 (6th Cir., Aug. 5, 2014) (citing *Stewart* with approval to find an undeveloped argument waived).

The ALJ articulated several reasons in support of his determination. The ALJ noted that, during one psychological examination, Plaintiff exhibited "variability in her effort" which resulted in her performance on standardized testing being characterized as "highly invalid." (ECF No. 11-2, 11-12, PageID.61, 816, 818). As the ALJ noted, this observation was consistent with other evidence that Plaintiff's subjective allegations have been observed to be disproportionate to the results of examinations and objective testing. (ECF Nos. 11-2, 11-10, 11-18, PageID.61, 637, 1313). The ALJ also observed that the record reflects "a notable lack of mental health treatment," which Plaintiff does not dispute.

The ALJ further noted that Plaintiff's health care providers consistently recorded that Plaintiff's mental status and psychological functioning was normal or unremarkable. (ECF Nos. 11-2, 11-10, 11-12, 11-17, 11-18, 11-19, 11-21, PageID.61, 651, 755, 1180, 1225-26, 1231, 1235, 1240, 1303, 1399, 1406, 1419, 1531, 1544, 1553, 1559). Based on this evidence, the ALJ concluded that "the record simply does not demonstrate more than moderate mental health limitations in any of the Paragraph B domains." (ECF No. 11-2, PageID.61). This determination is supported by substantial evidence.

In support of her argument, Plaintiff relies on the observations offered by two psychologists each of whom examined Plaintiff on a single occasion. (ECF Nos. 11-12, 11-17, PageID.816-19, 1150-53). The first of these examinations was conducted on March 1, 2017, by Robert Fabiano, Ph.D. (ECF No 11-12, PageID.816-19). Dr. Fabiano reported that Plaintiff exhibited "very high levels of depression and

anxiety," but he did not impose on Plaintiff any functional limitations that are inconsistent with the ALJ's RFC. (*Id.*, PageID.816-19). Instead, the doctor instructed Plaintiff to (1) participate in therapy; (2) maintain an exercise regimen; (3) "maintain a healthy nutritional intake"; (4) participate daily in "tasks of sustained mental exertion" such as word and number puzzles, chess, or Scrabble; and (5) participate in vocational rehabilitation. (*Id.*, PageID.819).

On August 4, 2017, Plaintiff was examined by Jonathan Shy, Ph.D. (ECF No. 11-17, PageID.1150-53). Dr. Shy reported that Plaintiff "appeared quite distressed, anxious, and depressed." (*Id.*, PageID.1152). The doctor concluded that Plaintiff experienced "mild to moderate" limitations in her ability to understand, retain, and follow simple instructions and to perform simple tasks. (*Id.*, PageID.1152). The doctor reported that Plaintiff "appears to have marked limitations in her capability to interact appropriately and effectively with coworkers and supervisors, adapt to changes in the work setting, and to perform work duties reliably and consistently." (*Id.*, PageID.1152-53).

To the extent that these one-time consultations were inconsistent with the ALJ's assessment, the ALJ properly discounted such. As the ALJ observed, these assessments were unpersuasive and contradicted by substantial evidence that Plaintiff's mental impairments impose no more than moderate limitations in the relevant areas of functioning. The ALJ's determination that Plaintiff's impairments and limitations neither meet nor equal a listed impairment is supported by substantial evidence. Accordingly, this argument is rejected.

## II.     Plaintiff's RFC

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule").   The ALJ concluded that Plaintiff can perform a limited range of light work.   Plaintiff argues that the ALJ's RFC assessment is not supported by substantial evidence.   Specifically, Plaintiff argues that the ALJ failed to account for her emotional limitations as well as her inability to stand or walk for 6 hours during an 8-hour workday.

With respect to Plaintiff's non-exertional limitations, the ALJ found that Plaintiff can (1) perform simple, routine, and repetitive tasks, but not at a production rate pace; (2) is limited to low stress work; (3) can occasionally interact with the public; and (4) would be off-task less than 5 percent of the time during an 8-hour workday.   As the discussion in the preceding section reveals, these limitations sufficiently account for Plaintiff's non-exertional limitations.

Plaintiff's argument that she lacks the ability to stand or walk for 6 hours during an 8-hour workday is likewise contradicted by the record.   While Plaintiff underwent arthroscopic surgery on her left knee, there is nothing in the record suggesting that the impairment necessitating surgery was work-preclusive or that

her surgery was unsuccessful. Plaintiff has identified no evidence that any of her care providers imposed on her work limitations greater than the ALJ recognized in his RFC. Moreover, the record following Plaintiff's knee surgery reveals that Plaintiff exhibited a normal or stable gait and station. (ECF Nos. 11-18, 11-19, PageID.1281, 1420, 1426). The ALJ's assessment that Plaintiff can stand or walk for 6 hours during an 8-hour workday is supported by substantial evidence.

The ALJ is tasked with determining a claimant's RFC. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c). While the ALJ may not "play doctor" and substitute his opinion for that of a medical professional, the ALJ is not required to tailor his RFC assessment to any particular opinion or item of medical evidence. *See, e.g., Poe v. Commissioner of Social Security*, 342 Fed. Appx. 149, 157 (6th Cir., Aug. 18, 2009). Instead, the ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004). This is precisely what the ALJ in this matter did and the ALJ's RFC assessment is supported by substantial evidence. Accordingly, this argument is rejected.

### III. The ALJ Properly Relied on the Testimony of a Vocational Expert

As noted above, a vocational expert testified that there existed a significant number of jobs that Plaintiff can perform despite her functional limitations. Plaintiff argues that the jobs identified by the vocational expert require the performance of activities that she cannot perform. Thus, Plaintiff argues that the

ALJ's reliance on the vocational expert's testimony does not constitute substantial evidence.

While the ALJ may satisfy his burden through the use of hypothetical questions posed to a vocational expert, such questions must accurately portray Plaintiff's physical and mental impairments.  *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996).  The hypothetical question that the ALJ posed to the vocational expert simply asked whether there existed jobs that an individual could perform consistent with Plaintiff's RFC, to which the vocational expert indicated that there existed a significant number of such jobs.  The ALJ's RFC determination is supported by substantial evidence and there was nothing improper or incomplete about the hypothetical questions the ALJ posed to the vocational expert.  The Court concludes, therefore, that the ALJ properly relied upon the vocational expert's testimony.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: January 26, 2021

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge