UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAZMIN HARRIS, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:20-cv-417 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Jazmin Harris filed this lawsuit seeking review of the final decision of the Commissioner of Social Security denying her claim for benefits. The Magistrate Judge issued a report recommending that the Court affirm the Commissioner's decision. (ECF No. 18.) Plaintiff filed objections. (ECF No. 19.) Upon review, the Court will adopt the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

1. Listings/Limitations. The Administrative Law Judge (ALJ) concluded that Plaintiff's impairments, alone or in combination, did not satisfy the severity requirement (criteria B). The ALJ concluded that Plaintiff exhibited moderate limitations in four areas of functioning, but not extreme limitations. In her brief, Plaintiff relies on several reports to support the conclusion that her impairments were severe. The Magistrate Judge explained how the ALJ addressed those reports and explained why the ALJ reached a different conclusion. Plaintiff objects. In her objection, Plaintiff points to reports of Dr. Fabiano, Dr. Shy, and December 3, 2018, report.

Plaintiff's objection is overruled. Plaintiff simply repeats the same argument raised in her initial brief. The ALJ and the Magistrate Judge observed that the totality of Plaintiff's medical records showed variations in her mental health limitations. The ALJ noted that the providers raised concerns about Plaintiff's questionable efforts and her unreliable or disproportionate responses, which undermined Plaintiff's claims. While there were some reports (like the ones identified in the objection) to support Plaintiff's position, there were other reports that did not find significant issues with Plaintiff's mental functioning. Plaintiff's objection here does not address the ALJ's reasoning or demonstrate why the Magistrate Judge erred.

2. RFC. The ALJ concluded that Plaintiff could perform a limited range of light work. In her brief, Plaintiff argued that the ALJ did not account for her emotional (non-exertional) limitations or her standing/walking limitations. The Magistrate Judge reasoned that the ALJ did account for Plaintiff's non-exertional limitations. The Magistrate Judge

found that Plaintiff's other argument, a limitation on her ability to stand and walk, was not supported by the medical record. Plaintiff objects.

Plaintiff's objection is overruled. The Court has reviewed the ALJ's reasoning and conclusion concerning Plaintiff's RFC. Not mentioned in the R&R, the ALJ noted some overlap in his discussion of the Plaintiff's limitations and Plaintiff's RFC. While Plaintiff contends her emotional and mental limitations affect her RFC, the ALJ again noted that the medical records as a whole do not support Plaintiff's position. Plaintiff certainly disagrees with the ALJ (and the Magistrate Judge), but the ALJ and the Magistrate Judge acknowledged and accounted for the non-exertional limitations and explained why the medical records did not support a more restrictive RFC finding. In her objection, Plaintiff did not identify any evidence in her medical records which would show that the Magistrate Judge erred regarding Plaintiff's assertion about standing and walking limitations.

3. Vocational Expert. In this objection, Plaintiff contends the answer provided by the Vocational Expert could not be used as substantive evidence because the hypothetical question posed did not accurately portray her physical and mental impairments. The objection is overruled. As the Court understands Plaintiff's objection on this issue, Plaintiff would have to prevail on one of the earlier objections. The Court concludes that the question posed and the answer provided qualifies as substantial evidence that there exists a substantial number of jobs in the national economy that a person with Plaintiff's RFC could perform.

Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 18) as its Opinion. The Commissioner's final decision is **AFFIRMED. IT IS SO ORDERED.**

Date: February 3, 2021                                       /s/ Paul L. Maloney
                                                             Paul L. Maloney
                                                             United States District Judge